## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed October 1, 1892.

PATRICK J. CAMPBELL
VS.
THE MARYLAND CONSTRUCTION CO., ETC.

*Martin Lehmayer* and *A. J. Robinson* for plaintiff.

*Cowen & Cross* and *Blakistone & Blakistone* for defendant.

WICKES, J.—

There can be no doubt about the right and duty of a Court of Equity to restrain such a nuisance as is set forth in the complainant's bill, when a clear case is made out. The difficulty in this case is not with the law, but arises from the contradicting character of the evidence submitted.

The companies defendant are excavating a tunnel under the bed of Howard street, in this city, in which to build what is known as the Belt Railroad.

They are lawfully engaged in this work under the authority of the State legislature and the Mayor and City Council. The power to dig this tunnel carries with it the right to use whatever means are necessary to do it, and it cannot well be doubted that steam engines are proper agencies to be employed for the purpose. The complaint is not that they are using means of this character, but that they are running this particular engine at night and creating noise "of such extraordinary force and volume" that the complainant and his family are unable to sleep. There are but four dwelling houses in this immediate neighborhood, the remaining properties are used for business purposes. In one of these houses the complainant lives with his family, and keeps a saloon.

Both the plaintiff and his wife have testified that the noise of the machinery is such that they have not been able to sleep at night since the middle of July, when the defendants first commenced to operate this engine, and Healy, a hackman, who boards with the plaintiff, says that he left on account of the noise, next door to complainant's home on one side, and nearer the engine live the brothers, Faistenhamers, who are cigar makers. One of them, F. X. Faistenhamer, testifies before the examiner that he is sometimes disturbed at night by the "puffing of the engine," but that sometimes he "sleeps right through without hearing it." The other brother, John Faistenhamer, swears that he sleeps there and that "the engine don't worry me in the least." On the other side of plaintiff's house lives the McCoy family, and both McCoy and his son-in-law, Becket, who often works there until 10 o'clock at night, and has slept there once or twice testify that the engine does not disturb them at all, making "not as much noise as the wagons and cable cars."

Mrs. Elliott, who has three children, lives next to the McCoys and keeps a saloon in her house, and she swears that although the noise of the engine disturbed them at first when the weather was warm and the windows

and *doors* were kept open, that it does not now, and that it is not louder than a light wagon or the noise of a cable car rounding the curve.

There were other witnesses, who do not, however, sleep in this neighborhood, and who were about equally divided in opinion as to the extent and character of the noise complained of. But the important testimony is from those who live and sleep in the four houses in the immediate proximity to the machinery in question.

So that of the four families affected by this noise only one complains of it as amounting to a nuisance at night, while the others declare that they are not annoyed by it. Upon this evidence how is it possible to find that a clear case is made out against these defendants.

To doubt is to deny the injunction. Chancery, said an eminent authority, "never puts forth this strong arm unless in a clear case of invasion of a private or public right."

The plaintiff's case is not however so groundless that he ought to be required to pay all the costs. It is therefore ordered and decreed that the bill be dismissed and that the plaintiff and defendants shall each bear the costs incurred by them respectively.